UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MICHAEL CHARLES JONES**	:	**CIVIL ACTION NO.  12-cv-2717**

**VERSUS**	:	**JUDGE MINALDI**

**J.P. YOUNG**	:	**MAGISTRATE JUDGE KAY**

REPORT AND RECOMMENDATION

Before the court is the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner, Michael Charles Jones.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons.  He is currently incarcerated at the Federal Corrections Institute in Oakdale, Louisiana ("FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### Statement of the Case

On January 27, 1999, petitioner pled guilty to possession with intent to distribute crack cocaine.  *United States v. Jones*, 3:98-cr-303 (N.D. Tx.), ECF Doc. 39.  April 21, 1999, he was sentenced to a term of 262 months confinement followed five years of supervised release.  *Id.* at ECF Doc. 45.  Petitioner appealed his conviction and sentence.  *Id.* at ECF Doc. 46.  The court of appeals dismissed the appeal as frivolous.  *Id.* at ECF Docs. 53, 54.

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on January 8, 2001.  The sentencing court denied the motion on May 8, 2001.  *Id.* at Doc. 68; *see also United States v. Jones*, No. 3:01-cv-50 (N.D. Tx.).

On November 14, 2011, petitioner filed a motion with the sentencing court to retroactively reduce his sentence in accordance with the new crack cocaine sentencing guidelines. *United States v. Jones*, 3:98-cr-303 (N.D. Tx.), ECF Doc. 77. The court denied the motion on March 21, 2012. *Id.* at ECF Doc. 78. Petitioner moved the sentencing court to reconsider, and the motion is still pending. *Id.* at ECF Doc. 80.

Petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 18, 2012. He claims that he has been erroneously sentenced as a career offender because he is actually innocent of the career offender sentence enhancements applied to his sentence pursuant to U.S.S.G. § 4B1.1. More specifically, he states that the § 4B1.1 enhancement is not applicable to the facts of his case as the pre-sentence investigation report erroneously used prior convictions to enhance his sentence. In sum, he is claiming that the court erred in sentencing him as a career offender.

## Law and Analysis

Petitioner styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition attacks the legality of his incarceration on the ground of sentencing error. Since petitioner contests errors occurring at sentencing and not the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

> him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim is based was foreclosed by circuit law at the time when the claim should have been raised at trial, appeal or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any time.

Moreover, the Fifth Circuit has consistently not permitted prisoners to advance claims of actual innocence of a career offender enhancement by way of the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000). A claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction, and thus is not the type of claim that warrants review under section 2241. *Bradford*, 660 F.3d at 230.

Accordingly, **IT IS RECOMMENDED** that the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** as the court lacks jurisdiction to entertain the application.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and

Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 15th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE