RECEIVED
IN LAKE CHARLES, LA

JUN 14 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| MICHAEL CHARLES JONES<br>31772-077 | CIVIL ACTION NO. 2:12-CV-2717 |
| VS. | SECTION P |
| JP YOUNG | JUDGE MINALDI<br>MAGISTRATE JUDGE KAY |

## JUDGMENT

There being no objection to the proposed findings of fact and conclusions of law in the Report and Recommendation [Doc. 2] of the Magistrate Judge previously filed herein, these findings and conclusions are accepted. Alternatively, this court concludes that the proposed findings and conclusions are entirely correct.[1] Accordingly,

**IT IS ORDERED** that the petitioner's application for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

Lake Charles, Louisiana, this the 13 day of June, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] The undersigned notes that, on page 3 of the Report and Recommendation, the Magistrate Judge cites *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), for the elements a petitioner must demonstrate in order to show a motion to vacate remedy under 28 U.S.C. § 2255 is inadequate: "...the claim *is based was foreclosed* by circuit law at the time when the claim should have been raised at trial, appeal, or first section 2255 motion." (emphasis added). While the Magistrate Judge's analysis on whether a section 2255 remedy was inadequate or ineffective was ultimately correct, the text should have read "the claim *was foreclosed* by circuit law at the time when the claim should have been raised at trial, appeal or first section 2255 motion."